142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John FRANCIS, Geraldine Francis, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, ACTING THROUGH THE FARM SERVICE
AGENCY, Defendant-Appellee.
 No. 97-15808.
D.C. No. CV-96-01788-EJG.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted April 16, 1998.
Decided April 29, 1998.
 
 1
 Appeal from the United States District Court for the Eastern District of California Edward J. Garcia, District Judge, Presiding.
 
 
 2
 Before GOODWIN, FLETCHER and D.W. NELSON Circuit Judges.
 
 
 3
 MEMORANDUM*
 
 
 4
 John and Geraldine Francis appeal the Fed.R.Civ.P. 12(b)(6) dismissal of their action with prejudice and without leave to amend. The district court ruled that their suit was not authorized by the Federal Tort Claims Act ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 5
 With respect to the first cause of action--negligent processing of a loan--the precedent most directly on point demonstrates that the Farm Service Agency ("FSA") had no duty to make the loan. California courts have held that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Federal Savings & Loan Assoc., 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 (Cal.Ct.App.1991). Because the FSA owes no statutory or common law duty to appellants, they cannot sue for FSA's negligent processing of the loan.
 
 
 6
 On the face of the complaint, the appellants' second cause of action is for misrepresentation. They allege that they detrimentally relied on the "false representations of Maki [an FSA employee] and others." Appellants' Excerpts of Record at 9. As counsel conceded during argument before this court, section 2680(h) of the FTCA expressly bars the second cause of action. To the extent that the second cause of action attempts to restate a claim based on improper servicing of the appellants' account or the dispensation of bad business advice, it is indistinguishable from the first cause of action and thus properly dismissed.
 
 
 7
 As for the third cause of action, appellants allege that the FSA wrongfully asserted a security interest in personal property. They fail, however, to plead any facts falling within existing tort law. They do point to California's general policy of creating torts to redress wrongs, but it is entirely too general a policy upon which to waive the immunity of the United States, let alone to impose liability under the FTCA for state torts. See Library of Congress v. Shaw, 478 U.S. 310, 321, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3